774 N.W.2d 640 (2009)
18 Neb. App. 99
Rebecca L. DRESSER and Krista A. Rosencrans, Appellants,
v.
THAYER COUNTY, Nebraska, and State of Nebraska, Appellees.
No. A-09-068.
Court of Appeals of Nebraska.
October 6, 2009.
*641 Corey L. Stull and Derek A. Aldridge, of Perry, Guthery, Haase & Gessford, P.C., L.L.O., Lincoln, for appellants.
*642 Charles W. Campbell, of Angle, Murphy & Campbell. P.C., L.L.O., York, for appellee Thayer County, Nebraska.
Jon Bruning, Attorney General, and Douglas L. Kluender, Omaha, for appellee State of Nebraska.
INBODY, Chief Judge, and IRWIN and MOORE, Judges.
IRWIN, Judge.

I. INTRODUCTION
Rebecca L. Dresser and Krista A. Rosencrans (collectively Appellants) appeal an order of the district court for Thayer County, Nebraska, granting summary judgment in favor of defendants, Thayer County and the State of Nebraska, in this negligence action brought seeking compensation for injuries sustained when Rosencrans was injured in a collision between a train and a motor vehicle in which Rosencrans was a passenger. The district court found that both defendants enjoyed immunity from the allegations of Appellants and also that the sole proximate cause of Rosencrans' injuries was the negligence of the driver of the motor vehicle. We affirm.

II. BACKGROUND
The accident giving rise to this lawsuit occurred in March 2005. On that date, Rosencrans was a passenger in a vehicle being driven by her friend, Chandra McDonald. It was a clear, sunny day, and the road surface was dry. McDonald approached an intersection where train tracks crossed a county road, approached a stop sign before the tracks, and then proceeded through the intersection. Rosencrans observed an approaching train and screamed at McDonald, and McDonald shifted her vehicle into reverse but was unable to move the vehicle off the tracks before the train collided with the vehicle. Rosencrans suffered serious injuries as a result of the accident.
On November 29, 2006, and September 24, 2007, Appellants filed separate complaints against each defendant. Appellants made similar allegations of negligence against defendants, including that they each were negligent in the maintenance of the railroad crossing. On February 19, 2008, the district court entered an order consolidating the two cases, by stipulation of the parties. In March 2008, both defendants moved for summary judgment.
The district court conducted hearings on the motions for summary judgment in April and May 2008. On September 30, the court entered an order granting summary judgment to both defendants. The court found that there were no genuine issues of material fact. The court found that the doctrine of sovereign immunity applied and that the actions of both defendants were discretionary actions for which suit could not be maintained. The court also found that the sole proximate cause of the accident was McDonald's failure to stop, perceive, and yield to an oncoming train that was visible on a clear, sunny day. For those reasons, the court granted the motions for summary judgment. Appellants brought this appeal.

III. ASSIGNMENTS OF ERROR
Appellants have assigned as error that the court erred in finding that defendants were immune from suit, in finding that the sole proximate cause of the accident was the negligence of McDonald, and in granting summary judgment to defendants.

IV. ANALYSIS

1. STANDARD OF REVIEW
Summary judgment is proper if the pleadings and admissible evidence offered *643 at the hearing show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. Harvey v. Nebraska Life & Health Ins. Guar. Assn., 277 Neb. 757, 765 N.W.2d 206 (2009). In reviewing summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, giving that party the benefit of all reasonable inferences deducible from the evidence. Id.

2. IMMUNITY
Appellants first assert that the district court erred in finding that defendants were immune from suit. We conclude that the responsibilities of both defendants with regard to maintenance of railroad crossing devices involves discretionary functions, and thus, we find no merit to Appellants' assertions to the contrary.

(a) Discretionary Function of County
Neb.Rev.Stat. § 13-902 (Reissue 2007) provides that no political subdivision of the State of Nebraska shall be liable for the torts of its officers, agents, or employees and that no suit shall be maintained against such political subdivision or its officers, agents, or employees on any tort claim except to the extent and only to the extent provided by the Political Subdivisions Tort Claims Act. Neb.Rev.Stat. § 13-908 (Reissue 2007) provides a general waiver of immunity for political subdivisions, subject to the limitations of Neb. Rev.Stat. § 13-910 (Cum.Supp.2004). Section 13-910(2) provides an exception to political subdivision liability for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of the political subdivision or an employee of the political subdivision, whether or not the discretion be abused.
Neb.Rev.Stat. § 60-6,121 (Reissue 2004) indicates that the Nebraska Legislature intended political subdivisions to have discretion in the installation of traffic control devices. That section specifically provides that local authorities shall place and maintain such traffic control devices upon highways under their jurisdiction as they deem necessary to carry out the provisions of the Nebraska Rules of the Road or to regulate, warn, or guide traffic. See McCormick v. City of Norfolk, 263 Neb. 693, 641 N.W.2d 638 (2002). See, also, Allen v. County of Lancaster, 218 Neb. 163, 352 N.W.2d 883 (1984) (holding that when official must make judgmental decision within regulatory framework, acts are discretionary). Further, Neb.Rev.Stat. §§ 74-1337 and 74-1338 (Reissue 2003) provide that the county and the railroad may agree upon changes to railroad crossings, may agree upon relocation of the highway, and may file an application with the Department of Roads to determine whether changes should be made.
The installation of traffic control devices involves balancing the competing needs of pedestrian safety, engineering concerns, commerce, and traffic flow with limited financial resources. McCormick v. City of Norfolk, supra, These decisions are normally the type of economic, political, and social policy judgments that the discretionary function exception was designed to shield. Id. The Nebraska Supreme Court has recognized that the result of applying the sovereign immunity doctrine is that some tort claims against governmental agencies may go unremedied. Id. Nonetheless, every intersection has some inherent danger and there are, potentially, unlimited theories of recovery that could be raised against governmental entities concerning the installation of traffic control *644 devices, and the provisions of § 13-910 signify that this is the type of public policy decision the Legislature intended to preclude courts from reviewing. See McCormick v. City of Norfolk, supra.
To the extent the County bears responsibility for the installation and maintenance of the railroad crossing at issue, its functions are discretionary functions to which sovereign immunity applies. The district court did not err in so finding, and we find no merit to Appellants' assertions to the contrary.

(b) Discretionary Function of State
Neb.Rev.Stat. § 81-8,209 (Reissue 2008) provides that the State shall not be liable for the torts of its officers, agents, or employees, and no suit shall be maintained against the State, any state agency, or any employee of the state on any tort claim, except to the extent provided by the State Tort Claims Act. Neb.Rev. Stat. § 81-8,215 (Reissue 2008) provides a general waiver of immunity for the State, subject to the limitations of Neb.Rev.Stat. § 81-8,219 (Cum.Supp.2004). Section 81-8,219(1) provides an exception to state tort liability for any claim based upon an act or omission based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a state agency or an employee of the state, whether or not the discretion is abused.
Neb.Rev.Stat. § 74-1332 (Reissue 2003) provides that the Department of Roads has jurisdiction over all railroad crossings outside of incorporated villages, towns, and cities, both public and private, across, over, or under all railroads in the state, with some exceptions not relevant to the present case, and shall adopt and promulgate such rules and regulations for the construction, repair, and maintenance of the crossings as the Department of Roads deems adequate and sufficient for the protection and necessity of the public.
To the extent the State is given responsibility for installing and maintaining railroad crossings, the relevant statutory provision makes it a discretionary function to determine what is adequate and sufficient. As noted above, the Nebraska Supreme Court has recognized that sovereign immunity cases may result in some claims going unremedied, but the balancing of various competing needs necessary for traffic control installation and maintenance is precisely the kind of discretionary function to which sovereign immunity traditionally applies. We find no error by the district court in its conclusion that the State is immune from Appellants' claims, and we find no merit to Appellants' claims to the contrary.

3. PROXIMATE CAUSE
In light of our conclusion that the district court did not commit error in finding that defendants are immune from the claims brought by Appellants, we need not further address Appellants' assignment of error that the court erred in finding that the sole proximate cause of the accident was McDonald's failure to observe the oncoming train and take appropriate action.

V. CONCLUSION
The district court committed no error in finding that defendants are immune from the claims brought by Appellants. As such, we affirm.
AFFIRMED.